Filed 6/23/14  ASAP Copy and Print v. Canon Business Solutions CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ASAP COPY AND PRINT et al., | B249588 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. PC043358) |
| v. | |
| CANON BUSINESS SOLUTIONS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen Pfahler, Judge.  Affirmed.

Nina Ringgold for Plaintiffs and Appellants ASAP Copy and Print and Ali Tazhibi.

Frandzel Robins Bloom & Csato, Andrew K. Alper and Alan H. Fairley, for Respondent Canon Financial Services, Inc.

Dorsey & Whitney, Kent J. Schmidt and Lynnda A. McGlinn, for Respondent Canon Solutions America, Inc.

_____

ASAP Copy and Print and its proprietor, Ali Tazhibi (collectively, ASAP), appeal from a postjudgment order (Code Civ. Proc., § 904.1, subd. (a)(2)) awarding to respondents Canon Solutions America, Inc. (formerly Canon Business Solutions, Inc.) (CBS), and Canon Financial Services, Inc. (CFS), attorney fees incurred on appeal. We affirm the order.

## FACTS AND PROCEDURAL HISTORY

This is the fifth appeal filed by ASAP involving a dispute over its acquisition of a photocopier from CBS.[1] Mr. Tazhibi, on behalf of ASAP, executed a "Non-Cancellable Rental Agreement" with CBS. The acquisition was financed through a lease from CFS. A dispute between the parties arose after ASAP stopped making payments on the lease and claimed respondents had breached the lease. At the time ASAP stopped making payments, there was approximately $19,000 remaining on the lease.

ASAP sued CBS, CFS, and General Electric Capital Corporation (GE), to which CFS had assigned its right under the lease. The action ended at the pleading stage after the superior court sustained respondents' demurrers to ASAP's Fourth Amended Complaint and its First Amended Cross-Complaint. The superior court entered a judgment in favor of CBS, CFS, and GE. The court also sanctioned ASAP's counsel, Nina Ringgold, and awarded attorney fees in favor of respondents as prevailing parties.

On June 4, 2012, in consolidated appeals, we affirmed both the judgment and the attorney fee awards. We also awarded the respondents costs on appeal. (*ASAP Copy and Print et al. v. Canon Business Solutions, Inc., et al.* (Jun. 4, 2012, B224295 & B225702) [nonpub. opn.].)

On November 2, 2013, CFS filed a motion in the trial court requesting $41,887.50 as a prevailing party in the consolidated appeals. On November 5, 2012, CBS filed a similar motion requesting $60,241.00 against ASAP and Ringgold.

---

[1] We take judicial notice of the records and our opinions in *ASAP Copy and Print et al. v. Canon Business Solutions, Inc.*, *et al.*, case Nos. B224295, B225702, B232801, and B238144.

On May 10, 2013, the trial court granted both motions. The court awarded CFS $41,887.50 and CBS $50,402.25.[2]

On June 19, 2013, ASAP filed a notice of appeal from "[a]n order after judgment under Code of Civil Procedure section 904.1(a)(2)," as well as Code of Civil Procedure section 906 and the United States and California Constitutions. Although ASAP did not specify the particular postjudgment order from which it appealed, it became evident when ASAP filed is opening brief that ASAP had appealed from the May 10, 2013 order.

## DISCUSSION

ASAP contends: (1) the trial court's order conflicts with this court's remittitur; (2) the trial court's refusal to allow the use of documents under seal was prejudicial reversible error; (3) the "law of the case" doctrine relied upon by respondents is not applicable to this appeal; (4) the "Canon entities" are not entitled to attorney fees or costs, and the amount awarded by the trial court was not reasonable; and (5) the trial court erred when it continued enforcement proceedings against Ringgold in violation of an automatic stay.

1. ASAP first contends that this court's award of costs on appeal to respondents limited the trial court to awarding only costs, and not attorney fees. This contention is without merit. An award of costs does not preclude a party from filing a motion for attorney fees in the trial court pursuant to California Rules of Court, rule 3.1702. (See Cal. Rules of Court, rule 8.278(d)(2).) Attorney fees authorized by contract are allowable as costs pursuant to Code of Civil Procedure section 1033.5, subdivision (a)(10)(A).

2. ASAP next contends it was prejudiced by its inability to use documents subject to a March 10, 2010 protective order (which ASAP erroneously refers to as a "sealing order") to oppose respondents' fee motions. This contention deserves only passing mention because we view it as simply another effort by ASAP to collaterally attack an order we affirmed in the consolidated appeals. Here, the trial court had only to

---

[2] GE did not seek attorney fees in connection with the consolidated appeals, and did not submit a brief in this case.

3

determine (a) whether respondents were entitled to contractual attorney fees, and (b) the amount of those fees. As to the first issue, we held in the consolidated appeals that the attorney fee provision in ASAP's lease was valid as to all parties, and found that respondents were the prevailing parties on appeal. The trial court determined the amount of the fees based on billing statements submitted by respondents' counsel. Any other documents are irrelevant.

3. In our opinion in the consolidated appeals, we affirmed the protective order and declined to address issues relating to documents subject to the protective order. ASAP appears to argue that the doctrine of "law of the case" should not preclude it from once again raising the issue of the "sealed" documents in this appeal to challenge the trial court's failure to refer to any of these documents in making its order. As we discuss below, these documents are irrelevant to the issue of attorney fees.

4. ASAP next contends that the "Canon entities" (CBS and CFS) are not entitled to attorney fees or costs, and the amount awarded by the trial court was not reasonable. In the consolidated appeals, we held that CBS, CFS and GE were entitled to attorney fees as the prevailing parties in the litigation, and we rejected ASAP's claims that these parties had not demonstrated a right to recover attorney fees. In particular, we found the attorney fee provision in ASAP's lease agreement with CFS to be valid as to all parties.

We find that the trial court did not err when it awarded CFS $41,887.50 and CBS $50,402.25 in attorney fees on the consolidated appeals. Due in no small part to the sheer number of issues raised by ASAP, the opinion in the consolidated appeals was nearly 50 pages long. The Appellant's Appendix was comprised of 32 volumes of exhibits, the vast majority of which were documents generated by ASAP, and all of which respondents' counsel had to review in order to defend the appeal.

5. Finally, ASAP contends the trial court erred when it declined to stay enforcement proceedings against its attorney, Nina Ringgold, during the pendency of "appeals" in the case. ASAP appears to be referring to that portion of the trial court's May 10, 2013 order in which it continued an order to show cause hearing and a judgment

4

debtor exam occasioned by various sanctions against Ringgold.  We view this issue as moot inasmuch as the date to which these proceedings were continued was December 2, 2013, a date long since passed.

## MOTION FOR SANCTIONS

CFS requests that we impose monetary sanctions against Ringgold for filing a frivolous appeal, in the amount of $19,247.50, the estimated amount of attorney fees CFS will have incurred in the case.  The motion is not without precedent; in a prior appeal (B238144), we imposed monetary sanctions against Ringgold and directed our clerk to report the sanctions to the State Bar of California.  However, it is our view that CFS (and CBS) can be adequately compensated by filing appropriate motions in the trial court for attorney fees as the prevailing parties in this appeal.  However tempting the request of CFS may be, we are simply unwilling to expend the additional court resources that would be required in order to find the present appeal frivolous.

## DISPOSITION

The order of May 10, 2013, is affirmed.  Costs are awarded to respondents as prevailing parties in this appeal.

The motion of CFS for the imposition of monetary sanctions and a prefiling order against Attorney Nina Ringgold is denied.

Appellants' request for judicial notice is granted.  Appellants' motion to unseal documents, filed December 27, 2013, is denied.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

5